UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN SIM,
    Plaintiff,

vs.

RELIANCE STANDARD LIFE
INSURANCE CO., et al.,
    Defendants.

Case No. 1:15-cv-390
Dlott, J.
Litkovitz, M.J.

**ORDER**

Plaintiff John Sim brings this action against defendants Reliance Standard Life Insurance Company and Matrix Absence Management, Inc. under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, in relation to defendants' termination of plaintiff's long-term disability benefits. This matter is before the Court on plaintiff's motion to supplement the administrative record (Doc. 18) and defendants' response (Doc. 21). This matter is also before the Court on plaintiff's motion for discovery (Doc. 22), defendants' response in opposition (Doc. 23), and plaintiff's reply (Doc. 24). The Court will first consider the motion for discovery.

**I. Motion for Discovery (Doc. 22)**

    A. Scope of Review under ERISA

As an initial matter, the parties dispute the scope of the Court's review in this case.[1] Courts ordinarily review an ERISA plan administrator's decision denying benefits *de novo*. *Evans v. UnumProvident Corp.*, 434 F.3d 866, 875 (6th Cir. 2006) (citing *Jones v. Metro. Life*

---

[1] It is appropriate for the Court to consider the applicable standard of review at this juncture because whether discovery is permitted to explore defendants' alleged bias is irrelevant if the standard of review is *de novo*. *See Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 418 (3d Cir. 2011) ("Because we have concluded that a *de novo* standard of review applies, we need not reach Plaintiff's argument regarding [defendant's] conflict of interest in being both the payor and administrator of benefits. That issue is only pertinent to an abuse-of-discretion standard of review."); *Guy v. Sun Life Assurance Co. of Can.*, No. 10-cv-12150, 2010 WL 5387580, at *1 (E.D. Mich. Dec. 22, 2010) ("Here, there is no dispute that Defendant operated under a structural conflict of interest. However, that conflict of interest only becomes relevant as a factor to weigh in determining whether Defendant abused its discretion in denying Plaintiff's claim. If the standard of review is de novo, Defendant's decision-making, and its conflict of interest, becomes irrelevant.").

*Ins. Co.*, 385 F.3d 654, 659-60 (6th Cir. 2004). However, when "the plan administrator is given the discretionary authority to determine eligibility for benefits or to construe the plan terms, '[courts] review the administrator's decision to deny benefits using "the highly deferential arbitrary and capricious standard of review."'" *Id.* (quoting *Killian v. Healthsource Provident Adm'rs, Inc.*, 152 F.3d 514, 520 (6th Cir. 1998) (in turn quoting *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir. 1996))).

Plaintiff argues that *de novo* review should apply because the disability policy in question provides that benefits will be paid upon submission of "satisfactory proof of Total Disability to us." (Doc. 22 at 2-3). Plaintiff contends that this language does not unambiguously confer discretion. (*Id.* at 3). In support, plaintiff relies on caselaw from the First, Second, Third, Fourth, Seventh, Eighth, and Ninth Circuits. (*Id.* at 3-5). Plaintiff argues that Sixth Circuit cases finding that "satisfactory proof of Total Disability to us" language does confer discretion "[a]ll relied on out-of-circuit authority that has since been reversed." (*Id.* at 5-6).

Defendants respond that the arbitrary and capricious standard of review applies. (Doc. 23 at 3-4). Defendants contend the Sixth Circuit cases that found the "satisfactory proof of Total Disability to us" language to confer discretion have never been overruled and remain binding precedent that this Court must follow. (*Id.* at 4-5).

In reply, plaintiff argues that the Court should "distinguish this case from past Sixth Circuit decisions, which relied on out of circuit decisions that have been reversed." (Doc. 24 at 2).

Here, the Court acknowledges plaintiff's argument that the majority of the courts of appeals to have considered the issue have found that the language "satisfactory proof of Total Disability to us" does not unambiguously confer discretion on the plan administrator. *See Cosey v. Prudential Ins. Co. of Am.*, 735 F.3d 161, 166 (4th Cir. 2013); *Gross v. Sun Life Assurance Co.*

2

*of Can.*, 734 F.3d 1, 11-17 (1st Cir. 2013); *Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 417 (3d Cir. 2011); *Feibusch v. Integrated Device Tech., Inc. Emp. Benefit Plan*, 463 F.3d 880, 883-84 (9th Cir. 2006); *Diaz v. Prudential Ins. Co. of Am.*, 424 F.3d 635, 639-40 (7th Cir. 2005); *Walke v. Grp. Long Term Disability Ins.*, 256 F.3d 835, 839-40 (8th Cir. 2001); *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 252 (2d Cir. 1999). However, the Sixth Circuit has not overruled its holdings that the "satisfactory proof of Total Disability to us" language confers discretion upon the plan administrator such that an arbitrary and capricious standard of review is appropriate.[2] *See Frazier v. Life Ins. Co. of N. Am.*, 725 F.3d 560, 567 (6th Cir. 2013); *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380-81 (6th Cir. 1996). Because this Court is a district court that sits in the Sixth Circuit, it "is not at liberty to disregard clearly established Sixth Circuit precedent." *Hawks v. Life Ins. Co. of N. Am.*, No. 3:15-cv-124, 2015 WL 9451067, at *3 (W.D. Ky. Dec. 23, 2015) (quoting *United States v. Adams*, No. 6:09-cr-16, 2009 WL 4799466, at *2 (E.D. Ky. Dec. 10, 2009)). Accordingly, the Court must apply the arbitrary and capricious standard of review to defendants' decision in this case.

B. The Permissibility of Discovery under ERISA

The Federal Rules of Civil Procedure permit discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). However, in an ERISA case related to the denial of benefits, a district court may ordinarily review only the administrative record. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). "An exception is recognized, however, when evidence outside the record 'is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or

---

[2] The Court has determined that in addition to the Sixth Circuit, the Eleventh Circuit also continues to hold that the "satisfactory proof of Total Disability to us" language confers discretion upon the plan administrator. *See Tippitt v. Reliance Standard Life Ins. Co.*, 457 F.3d 1227, 1233-34 (11th Cir. 2006).

3

alleged bias on its part.'" *Johnson v. Conn. Gen. Life Ins. Co.*, 324 F. App'x 459, 466 (6th Cir. 2009) (quoting *Wilkins*, 150 F.3d at 619). In instances involving such challenges, evidence outside the record may be relevant and discoverable. *Id.*

The Supreme Court has held that a plan administrator operates under a conflict of interest when it serves the dual role of an ERISA plan administrator and payor of plan benefits. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 113 (2008). After *Glenn*, the Sixth Circuit considered a district court's decision to allow limited discovery concerning the conflict of interest created when an employer utilizes dual role administrators under an ERISA plan. *Johnson*, 324 F. App'x at 465-67. The Sixth Circuit first cited with approval precedent holding that "a mere allegation of bias is not sufficient to permit discovery." *Id.* at 466 (citing *Huffaker v. Metro. Life Ins. Co.*, 271 F. App'x 493, 504 (6th Cir. 2008); *Likas v. Life Ins. Co. of N. Am.*, 222 F. App'x 481, 486 (6th Cir. 2007); *Putney v. Med. Mut. of Ohio*, 111 F. App'x 803, 807 (6th Cir. 2004)). Nevertheless, citing *Glenn*, the Sixth Circuit rejected the defendant's contention that its precedent should be interpreted to impose a threshold evidentiary showing of bias as a prerequisite to discovery. *Id.* However, the Sixth Circuit also rejected the notion "that discovery will automatically be available any time the defendant is both the administrator and the payor under an ERISA plan." *Id.* at 467. Instead, the Sixth Circuit indicated that "[d]istrict courts are well-equipped to evaluate and determine whether and to what extent limited discovery is appropriate in furtherance of a colorable procedural challenge under *Wilkins*." *Id.*; *see also Bell v. Ameritech Sickness & Accident Disabilities Benefits Plan*, 399 F. App'x 991, 998 (6th Cir. 2010) ("Discovery may be appropriate to determine the weight to accord a conflict of interest, . . . but the district court retains discretion to decide when to allow such discovery.").

After *Johnson*, courts in the Sixth Circuit have reached different conclusions about whether the mere existence of a structural conflict is sufficient to permit discovery in an ERISA

4

case. *See, e.g., Jones v. Allen*, 933 F. Supp.2d 1020, 1023-25 (S.D. Ohio 2013) (suggesting something more than a conflict is required where discovery was allowed "in light of this clear [structural] conflict of interest, and in light of the facts in the administrative record regarding the basis for the committee's decision"); *Clark v. Am. Elec. Power Sys. Long Term Disability Plan*, 871 F. Supp.2d 655, 661 (W.D. Ky. 2012) (finding a structural conflict alone is sufficient to open discovery) *Cramer v. Appalachian Reg'l Healthcare, Inc.*, No. 5:11-cv-49, 2012 WL 996583, at *2 (E.D. Ky. Mar. 23, 2012) (same); *Cummins v. Liberty Life Assurance Co. of Boston*, No. 2:10-cv-108, 2010 WL 4809269, at *4 (S.D. Ohio Nov. 19, 2010) (permitting discovery because beyond the mere existence of conflict, plaintiff offered additional evidence suggesting bias); *Price v. Hartford Life & Accident Ins. Co.*, 746 F. Supp.2d 860, 865 (E.D. Mich. 2010) (concluding that a plaintiff need not make an additional showing to warrant discovery); *Geer v. Hartford Life & Accident Ins. Co.*, No. 08-12837, 2009 WL 1620402, at *5 (E.D. Mich. Jun. 9, 2009) (finding a "plaintiff must first have some evidence of bias before being allowed to conduct discovery," and allowing discovery because in addition to structural conflict, plaintiff identified circumstances in the denial that appeared to undermine the decision); *Myers v. Prudential Ins. Co. of Am.*, 581 F. Supp.2d 904, 913-14 (E.D. Tenn. 2008) (concluding that discovery is appropriate upon showing of a conflict alone).

Plaintiff seeks discovery related to defendants' alleged bias as both the claims adjudicator and payor and defendants' alleged failure to provide a full and fair review of plaintiff's claim. (Doc. 22 at 1-2). Plaintiff argues that the mere allegation of bias is sufficient to permit discovery and that "[d]isability plaintiffs should not be required to prove bias or procedural irregularity before they are allowed discovery into whether there was bias or whether a procedural irregularity took place." (*Id.* at 9-10). Plaintiff contends that even if more than an a mere allegation is required, he has made a threshold showing because (1) defendants both insure the

5

ERISA plan and decide which claims to allow under it; (2) the financial incentive to deny claims carries over to the decision-makers, who are under defendants' control and employ; (3) defendants paid outside vendors and medical reviewers to evaluate plaintiff's claim and offer an opinion on disability; (4) defendants failed to follow their own procedures by not obtaining a completed employer statement and making no attempt to reconcile inconsistencies in the information concerning plaintiff's job duties and position; (5) defendants' determination that plaintiff was not totally disabled contradicts the conclusions of plaintiff's treating physician and the Social Security Administration; and (6) defendants offered plaintiff one reason for terminating benefits, abandoned that reason, and affirmed the termination of benefits on other evidentiary grounds. (*See id.* at 11-13).

Defendants respond that plaintiff has not provided any evidence to show that defendants' structural conflict of interest influenced the denial of benefits in this case. (Doc. 23 at 5). Thus, defendants contend that no discovery should be permitted because plaintiff has failed to meet the threshold requirement of showing evidence of bias. (*See id.* at 6).

Here, defendants do not dispute that Reliance served as both the Plan administrator and the payor of benefits, thereby creating a structural conflict of interest. The Court need not decide whether that conflict of interest alone is sufficient to allow discovery because plaintiff has offered additional evidence suggestive of bias. Specifically, defendants' finding that plaintiff was not totally disabled is contrary to the Social Security Administration's finding that plaintiff was totally disabled. *See Austin-Conrad v. Reliance Standard Life Ins. Co.*, No. 4:10-cv-127, 2015 WL 4464103, at *5 (W.D. Ky. Jul. 21, 2015) ("[Plaintiff] has made a *prima facie* showing of an inherent conflict of interest by alleging that Reliance is both the entity responsible for evaluating and paying her claim. Moreover, she notes the SSA determined she was fully disabled, yet Reliance subsequently determined that she was not fully disabled. . . . These

6

challenges constitute more than a 'mere allegation' of bias."). Accordingly, discovery is warranted in this case. The Court must now determine the permissible scope of discovery.

C. The Permissible Scope of Discovery

"In determining the scope of discovery, the court must balance the claimant's interest in obtaining relevant information against the primary goal of ERISA of providing inexpensive and expeditious resolution of claims." *Id.* (citing *Brainard v. Liberty Life Assurance Co. of Boston*, No. 6:14-cv-110, 2014 WL 7405798, at *10-11 (E.D. Ky. Dec. 30, 2014)). As specific discovery requests have not yet been propounded by plaintiff, the Court establishes the following guidance on plaintiff's proposed discovery topics.

1. *Employee incentive, bonus, or reward programs and defendants' policies concerning the same (Plaintiff's Topic Nos. 1, 6)*

Plaintiff proposes the following areas of discovery concerning rewards to employees involved in reviewing claims:

- Incentive, bonus, or reward programs or systems, formal or informal, for any employees involved in any meaningful way in reviewing disability claims.
- Policies, informal or formal, that reward claims denials.

(Doc. 22 at 16).

Defendants respond that these topics are vague and overbroad because they are not limited to the relevant years at issue. (Doc. 23 at 6). Defendants argue that these topics are also improper because they seek information relating to the initial reviewers of plaintiff's claim "rather than only the final determinations and the final decision makers." (*Id.* at 8-9).

In reply, plaintiff cites to cases where these discovery topics have been deemed permissible. (Doc. 24 at 5-7). Plaintiff also contends that defendants' objections on the scope of discovery are premature, and the actual discovery requests issued by plaintiff will be properly limited in time and scope. (*Id.* at 5 n.1).

Here, plaintiff is entitled to limited discovery related to the existence of incentives or rewards to deny his benefits claim. *See Austin-Conrad*, 2015 WL 4464103, at *5, *6 (recognizing this proposed discovery topic "as relevant to the issue of bias and therefore discoverable"); *Sundermeyer v. Ohio Educ. Ass'n*, No. 2:12-cv-959, 2013 WL 3147952, at *6 (S.D. Ohio Jun. 19, 2013) ("Plaintiff is entitled to discover generally whether and to what extent [defendant] rewards claims administrators with incentives and bonuses based on company profitability or claim denial rates."); *Mullins v. Prudential Ins. Co. of Am.*, 267 F.R.D. 504, 513 (W.D. Ky. 2010) (recognizing that these are permissible topics of discovery by an ERISA plaintiff faced with an inherent conflict of interest); *Hays v. Provident Life & Accident Ins. Co.*, 623 F. Supp.2d 840, 844 (E.D. Ky. 2008) ("[P]laintiff is entitled to know generally if the defendant had at any time relevant to this case, any type of incentive, bonus, or reward program or system, formal or informal, for any employee(s) involved in any meaningful way in reviewing disability claims.") (citing *Myers*, 581 F. Supp.2d at 915). Accordingly, plaintiff's Topic Nos. 1 and 6 are relevant and plaintiff may seek discovery on these topics. To the extent defendant contends the topics are overbroad, the Court agrees with plaintiff that defendant's objection is premature. In the event that the parties are unable to resolve any objections to specific discovery requests propounded by plaintiff, they are directed to contact the undersigned magistrate judge to schedule an informal telephone discovery conference.

> 2. *Information related to reviewers, vocational professionals, and vendors that reviewed plaintiff's claim for defendants (Plaintiff's Topic Nos. 2-4, 7-8)*

Plaintiff proposes the following areas of discovery related to those contracted or employed by defendants to review his file:

- Contractual connections and the historic relationship between Reliance and the reviewers, vocational professionals, and/or vendors utilized in Plaintiff's claim.
- Financial payments made annually to the reviewers, vocational professionals, and/or vendors utilized in Plaintiff's claim.

- Data regarding the number of claim files sent to the reviewers, vocational professionals, and/or vendors utilized in Plaintiff's claim, and the number of denials which resulted.
- Data regarding the number of times Reliance vocational professionals, employees, vendors, reviewers, and/or personnel classify a regular occupation as sedentary, found disability claimants able to work at a sedentary occupation, or found claimants to be not disabled from their regular occupation or any occupation.
- Data regarding the number of claims received by legacy employees of the Plan, and the number of denials.

(Doc. 22 at 16).

Defendants respond that these requests are also overbroad, vague, and not related to the final determinations of the final decision-makers. (Doc. 23 at 6, 8-9). Defendants contend that the conflict of interest of Reliance is at issue, not the conflict of interest of any third party vendors. (*Id.* at 6). Defendants argue that the request for data about the number of denials resulting from claim files sent to third parties is "fatally flawed" because any opinions received from third parties are not "denials" and "there is not necessarily a causation between 'sending a claim file to a vendor' and denying a claim." (*Id.* at 7). Defendants contend that the request for data concerning sedentary occupations has "absolutely no probative value" because "mere numbers prove absolutely nothing without any context or comparison." (*Id.*).

In reply, plaintiff cites to cases where these discovery topics have been deemed permissible. (Doc. 24 at 6-7).

These proposed topics are relevant to the issue of bias and therefore discoverable. *See Austin-Conrad*, 2015 WL 4464103, at *5, *6 (recognizing these proposed discovery topics "as relevant to the issue of bias and therefore discoverable"); *Bird v. GTX, Inc.*, No. 08-2852, 2009 WL 3839478, at *3 (W.D. Tenn. Nov. 13, 2009) (recognizing that these are permissible areas of discovery "to obtain information necessary to explore the extent of the conflict of interest without being unduly burdensome"); *Crider v. Life Ins. Co. of N. Am.*, No. 3:07-cv-331, 2008 WL 239659, at *6 (W.D. Ky. Jan. 29, 2008) (permitting discovery concerning the financial

relationship between defendant and independent contractors it used in assessing plaintiff's claim). Defendants' argument that discovery should not be allowed into these topics as these third party vendors were not the final decision makers is not well-taken because "if the decision makers relied on opinions or reports which may have been unduly influenced by financial incentives, a court may benefit from information revealing the compensation." *Austin-Conrad*, 2015 WL 4464103, at *6. This discovery should be limited to those reviewers, vocational professionals, and/or vendors who participated in plaintiff's claim. *See id.* Accordingly, plaintiff's Topic Nos. 2-4 and 7-8 are relevant and plaintiff may seek discovery on these topics. To the extent defendant contends the topics are overbroad, the Court agrees with plaintiff that defendant's objection is premature. In the event that the parties are unable to resolve any objections to specific discovery requests, they are directed to contact the undersigned magistrate judge to schedule an informal telephone discovery conference.

   3. *Discovery related to claims processing and adjudication (Plaintiff's Topic Nos. 5, 9)*

Plaintiff proposes the following areas of discovery concerning claims processing and adjudication:

- Documentation of administrative processes designed to check the accuracy of grants of claims.
- Policies and procedures regarding the processing and adjudication of claims, and the gathering of claims information, and to ensure the fair and proper administration of Plaintiff's claim.

(Doc. 22 at 16).

Defendants respond that these requests are also overbroad, vague, and not related to the final determinations of the final decision-makers. (Doc. 23 at 6, 8-9).

In reply, plaintiff cites to cases where these discovery topics have been deemed permissible. (Doc. 24 at 7-8).

10

These proposed topics are relevant to the issue of bias and therefore discoverable. *See Austin-Conrad*, 2015 WL 4464103, at *5, *6 (recognizing these proposed discovery topics "as relevant to the issue of bias and therefore discoverable"); *Mullins*, 267 F.R.D. at 515, 520 (finding that policies and procedures "for accumulating and maintaining the documents in [defendant's] claims file" and "to ensure the fair and proper administration of [plaintiff's] claim" are discoverable); *Bird*, 2009 WL 3839478, at *3 (recognizing that these are permissible areas of discovery "to obtain information necessary to explore the extent of the conflict of interest without being unduly burdensome"); *Hays*, 623 F. Supp.2d at 844 (permitting discovery "on [defendant's] history of claims administration, and on any steps taken by [defendant] to reduce potential bias or promote accuracy"). Further, the Court finds that plaintiff's requests for defendants' claims manual and other statements of guidance with respect to the Plan concerning the denied benefit fall within these proposed discovery requests. (*See* Doc. 18 at 3). Plaintiff is entitled to any portion of the claims manual or other statements of guidance that defendants relied on in reviewing plaintiff's claim. *See Hatfield v. Life Ins. Co. of N. Am.*, No. 5:14-cv-432, 2015 WL 5722791, at *5 (E.D. Ky. Sept. 29, 2015) (granting motion to compel discovery of this information "[t]o the extent that [defendant] failed to include in the record any policies or procedures that it relied upon" in denying plaintiff's claim); *Austin-Conrad*, 2015 WL 4464103, at *6 (finding discovery of this information "reasonable," but limiting discovery "to those manuals or policies upon which [defendant] relied in determining [plaintiff's] disability claim"). Accordingly, plaintiff's Topic Nos. 5 and 9 are relevant and plaintiff may seek discovery on these topics. To the extent defendant contends the topics are overbroad, the Court agrees with plaintiff that defendant's objection is premature. In the event that the parties are unable to resolve any objections to specific discovery requests, they are directed to contact the undersigned magistrate judge to schedule an informal telephone discovery conference.

    *4. Financial cost of plaintiff's claim (Plaintiff's Topic No. 10)*

Plaintiff has withdrawn this request. (Doc. 24 at 8). Accordingly, this request is denied as moot.

    *5. Explanation of the factual basis of Reliance's defenses (Plaintiff's Topic No. 11)*

Plaintiff proposes the following area of discovery: "An explanation of the factual basis of Reliance's defenses." (Doc. 22 at 16).

Defendants respond that there is no basis for discovery related to this request because "[t]here is no nexus between the inquiry as to whether a conflict of interest affected [defendants'] decision making on Plaintiff's claim and [the] affirmative defenses set out in this lawsuit." (Doc. 23 at 7).

In reply, plaintiff cites to cases where this discovery topic has been deemed permissible. (Doc. 24 at 8).

This proposed discovery topic, which asks defendant "to state the facts upon which it bases a claim or defense, [is] a permissible form of discovery" in an ERISA case. *Davis v. Hartford Life & Accident Ins. Co.*, No. 3:14-cv-507, 2015 WL 7571905, at *5 (W.D. Ky. Nov. 24, 2015) (quoting *Alexander v. Hartford Life & Accident Ins. Co.*, No. 3-07-cv-1486, 2008 WL 906786, at *4 (N.D. Tex. Apr. 3, 2008)). *See also id.* ("[Defendant] must provide [plaintiff] with an explanation of the factual basis for each affirmative defense set forth in its answer and provide any documents that relate to its affirmative defenses."); *Mullins*, 267 F.R.D. at 515 ("Plaintiff is entitled to have [defendant's] explanation for the factual basis of its affirmative defenses as set forth in its answer."). Accordingly, discovery on this topic is relevant and appropriate.

12

> 6. *Information regarding plaintiff's duties when he became disabled (Plaintiff's Topic No. 12)*

Plaintiff proposes the following discovery topic: "Information regarding Plaintiff's duties at the time he became disabled." (Doc. 22 at 16).

Defendants respond that there is no basis for discovery related to this request because all information relevant to this request is contained in the claim file. (Doc. 23 at 8). Defendants argue that the claim file also contains information obtained from defendants' interview of plaintiff and a vocational assessment. (*Id.*).

In reply, plaintiff argues that discovery of this information "advances the issue of whether Reliance followed its procedures and fairly evaluated Plaintiff's claim." (Doc. 24 at 8). Plaintiff contends that discovery into defendants' "disregard of [conflicting] information [regarding plaintiff's job duties] is warranted." (*Id.* at 8-9). Plaintiff asserts that he has no recollection of ever being interviewed by defendants and that defendants have not pointed to anything in the administrative record to show that an interview occurred. (*Id.* at 9 n.2).

Here, plaintiff does not contend in his reply that any information concerning his job duties is missing from the administrative record, but only that defendants improperly disregarded the conflicting information about plaintiff's job duties and did nothing to resolve this issue. Whether there exists conflicting information on plaintiff's job duties at the time he allegedly became disabled and how defendant addressed this information is relevant to whether defendant followed its procedures in fairly evaluating plaintiff's claim. Discovery on this topic is appropriate.

> 7. *A specimen application for benefits, to include the Employer Section (Plaintiff's Topic No. 13)*

Plaintiff proposes the following discovery topic: "A specimen application for benefits, to include the Employer Section." (Doc. 22 at 16).

13

Defendants respond that plaintiff's claim based on his application for short term disability "rolled over into a claim for long term disability benefits without additional claim form[s] needing to be submitted." (Doc. 23 at 8). Defendants assert that "[i]t is unclear why Plaintiff insists that the procedures for stand alone long term disability claims apply to his claim." (*Id.*).

In reply, plaintiff contends: "Production of a specimen application is consistent with *Mullins*, which ruled policies and procedures 'to ensure the fair and proper administration of claims' discoverable. Without a specimen application, the Court is left to wonder whether Reliance ever obtained the initial form information its policies require." (Doc. 24 at 9).

Here, plaintiff's proposed discovery request is proper. The benefits application is relevant to the question of whether defendants' administration of plaintiff's claim was "fair and proper." *See Mullins*, 267 F.R.D. at 520 (finding that policies and procedures "to ensure the fair and proper administration of [plaintiff's] claim" are discoverable). To the extent defendants may not have followed their own procedures concerning application requirements in considering plaintiff's claim, any irregularity could be relevant to the question of bias. Further, production of a specimen application will not be "unduly burdensome" to defendants. *See Bird*, 2009 WL 3839478, at *3 (permitting discovery "to obtain information necessary to explore the extent of the conflict of interest without being unduly burdensome"). Accordingly, this request is granted.

Consistent with the foregoing analysis, plaintiff's motion for discovery (Doc. 22) is granted.

## II. Motion to Supplement the Administrative Record (Doc. 18)

Plaintiff contends that defendants' Claims Department Administrative Procedures Manual and any other statements of guidance concerning the Plan should be included in the administrative record. (Doc. 18 at 3). Plaintiff relies on 29 C.F.R. § 2560.503-1(h), (m)(8)(iv), which requires defendants to provide plaintiff with all documents relevant to his claim, including

14

"statement[s] of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination." (*Id.* at 1-2).

Defendants respond that these materials were produced to plaintiff but are not required to be made part of the administrative record. (Doc. 21 at 1).

Here, as explained above, plaintiff is entitled to any portion of the claims manual or other statements of guidance that defendants relied on in reviewing plaintiff's claim. *See Hatfield*, 2015 WL 5722791, at *5 (granting motion to compel discovery of this information "[t]o the extent that [defendant] failed to include in the record any policies or procedures that it relied upon" in denying plaintiff's claim); *Austin-Conrad*, 2015 WL 4464103, at *6 (finding discovery of this information "reasonable," but limiting discovery "to those manuals or policies upon which [defendant] relied in determining [plaintiff's] disability claim"). Based on the Court's ruling that plaintiff is entitled to discovery of those portions of the claims manual and other statements of guidance upon which defendants relied, the Court will consider any such documents that plaintiff presents as evidence of defendants' conflict of interest or bias. Moreover, it is inappropriate for portions of the claims manual and statements of guidance upon which defendants did not rely to be made part of the administrative record. *See Hatfield*, 2015 WL 5722791, at *5 (finding that "internal policies and procedures that were not relied on for the specific determination are not discoverable, even where an inherent conflict of interest permits some discovery outside the administrative record"); *Austin-Conrad*, 2015 WL 4464103, at *6. Accordingly, plaintiff's motion to supplement the record is denied as moot. *See Bird*, 2009 WL 3839478, at *3 (overruling as moot plaintiff's objection to the absence of the claims manual from the administrative record because the court permitted discovery related to those claims guidelines actually consulted to adjudicate plaintiff's claim).

### III. Conclusion

Consistent with the foregoing analysis, plaintiff's motion for discovery (Doc. 22) is **GRANTED**, and plaintiff's motion to supplement the administrative record (Doc. 18) is **DENIED AS MOOT**.

IT IS SO ORDERED.

Date: 1/26/16

Karen L. Litkovitz
United States Magistrate Judge